THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NICHOLAS M. MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   10 CV 5242 |
| | ) | |
| MICHAEL RAMIREZ and | ) | |
| BILL BEAHAN, d/b/a ULTIMATE | ) | Honorable Judge Coar |
| ATM SERVICES, a/k/a ULTIMATE | ) | |
| FINANCIAL SERVICES, and | ) | |
| DOES  1-5, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT, MICHAEL RAMIREZ'S, MOTION TO DISMISS**

The Defendant, MICHAEL RAMIREZ, d/b/a ULTIMATE ATM SERVICES, a/k/a ULTIMATE FINANCIAL SERVICES, by and through his attorneys, HOLMAN & STEFANOWICZ, LLC, and pursuant to Federal Rules of Civil Procedure 12(b)(6), moves this Honorable Court for an Order dismissing the Plaintiff, NICHOLAS M. MARTIN'S, Complaint, with prejudice.  In support of his Motion the Defendant states as follows:

1.      The Plaintiff's Complaint alleges that Michael Ramirez violated the notice requirements set forth in the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq*.  ("EFTA"). (A copy of the Plaintiff's Complaint is attached hereto as "Exhibit A.")  More specifically, the Plaintiff's contend that "Michael Ramirez . . . failed to notify the public, as required by law, that they will be required to pay a fee each time they use the ATM."  (Complaint ¶ 16.)

2.       The Plaintiff's Complaint alleges that Michael Ramirez violated Section 1693b of the EFTA, which provides:

> (A) In general. The regulations prescribed under paragraph (1) shall require any **automated teller machine operator who imposes a fee on any consumer for providing host transfer services** to such consumer to provide notice in accordance with subparagraph (B) to the consumer (at the time the services is provided) of -

(Emphasis added.) (Complaint ¶ 17.)

3. Although the Plaintiff's Complaint summarily concludes that Michael Ramirez is an "automated teller machine operator" (Complaint ¶ 9)[1], the Plaintiff's Complaint fails to allege any facts that Michael Ramirez "imposed a fee on any consumer for providing host transfer services." (See Complaint.)

4. In order to properly allege that Michael Ramirez violated Section 1693b of the EFTA, the Plaintiff must allege facts that Michael Ramirez "imposed a fee on any consumer for providing host transfer services." The Complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Plaintiff's Complaint is void as to any factual allegation that Michael Ramirez "imposed fees on any consumer" and that Michael Ramirez "provided host transfer services."[2]

5. The factual allegations in the Plaintiff's Complaint must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The Plaintiff's have not and cannot allege facts that Michael Ramirez "imposed a fee on any consumer" and that Michael Ramirez "provided host transfer services." Moreover, the Court is not "bound to accept as true a legal

---

[1] Michael Ramirez provided the Plaintiff with a declaration attesting to the facts that demonstrate that he is not an "automated teller machine operator" in an effort to have the Plaintiff voluntarily dismiss him as a Defendant in this case prior to having to incur additional fees and costs and requiring Court intervention.
[2] In fact, the Michael Ramirez's declaration attests to the following facts:

> 4. Neither I nor Ultimate Financial Services processes the transactions for the ATM in question located at 3406 North Sheffield Avenue, Chicago, Illinois.
>
> 5. Neither I nor Ultimate Financial Services imposes and/or imposed a fee on any consumer that uses and/or used the ATM in question located at 3406 North Sheffield Avenue, Chicago, Illinois.

2

conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *Iqbal*, 129 S.Ct. at 1949. Clearly the Plaintiff's allegation that Michael Ramirez "operates an automated teller machine" is nothing more than a legal conclusion improperly couched as a factual allegation. The Plaintiff's Complaint does not contain any facts to demonstrate that Michael Ramirez is an automated teller machine operator. (See, Complaint.)

6. The Plaintiff's Complaint fails to plead enough facts to state a claim to relief under the EFTA. *Fed. R. Civ. Pro*. 12(b)(6).

WHEREFORE, the Defendant, MICHAEL RAMIREZ, d/b/a ULTIMATE ATM SERVICES, a/k/a ULTIMATE FINANCIAL SERVICES, moves this Honorable Court for an Order dismissing the Plaintiff, NICHOLAS M. MARTIN'S, Complaint, with prejudice, and for any other relief that the Court deems just and proper.

                Respectfully submitted,

                s/    Brian R. Holman
                _____
                HOLMAN & STEFANOWICZ, LLC
                By:    Brian R. Holman

Brian R. Holman
Tara Beth Davis
HOLMAN & STEFANOWICZ, LLC
Attorneys for the Defendant
233 South Wacker Drive, Ste. 5620
Chicago, Illinois 60606
(312) 258-9700

3