## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| NICHOLAS M. MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 10cv5242 |
| v. | ) | |
| | ) | Judge Coar |
| MICHAEL RAMIREZ | ) | |
| d/b/a ULTIMATE ATM SERVICES, | ) | |
| a/k/a ULTIMATE FINANCIAL SERVICES | ) | |
| and DOES 1-5, | ) | |
| | ) | |
| Defendants. | ) | |

## PLANNING REPORT

Pursuant to this Court's Order entered on November 1, 2010, Catherine A. Ceko, representing Plaintiff Nicholas Martin, and Brian Holman, representing Defendant Michael Ramirez d/b/a Ultimate ATM Services a/k/a Ultimate Financial Services ("Ramirez") met on November 15, 2010 pursuant to Rule 26(f) to discuss:

1.	the nature and basis of their claims and defenses;
2.	the possibilities for a prompt settlement or resolution of this case;
3.	to make or arrange for the disclosures required under Rule 26(a)(1); and
4.	to develop a discovery plan.

To that end, the parties propose the following:

**A.	The issues in this case may be simplified by taking the following steps:**

This action arises out of Plaintiff's claim that defendant violated the Electronic Funds Transfer Act, 15 U.S.C. §1693 et seq. ("EFTA"), and implementing Federal Reserve Board Regulation E, 12 C.F.R. part 205 by charging a fee at the ATM in question without posting at or near the ATM a notice stating that a fee would or may be charged.

The Defendant, Michael Ramirez, contends that the EFTA does not apply to him because he is not an "automated teller machine operator" under the EFTA and/or as defined by Regulation E, 12 C.F.R. § 205.16, for the ATM in question located at 3406 North Sheffield Avenue, Chicago, Illinois; and he did not "impose a fee on any consumer for providing host transfer services."

Accordingly, the Defendant, Michael Ramirez, contends that he is not a proper Defendant and should be dismissed from the case. As a result, Defendant, Michael Ramirez, filed a Motion to Dismiss pursuant to *Fed. R. Civ. Pro*. 12(b)(6). This motion was denied by the Court on November 23, 2010.

1

**B.** **The following modifications to the discovery requirements of the Federal Rules of Civil procedure or Local Rules should be made in order to expedite discovery:**

N/A

**C.** Plaintiff's position is that discovery will be needed in connection with the following subjects:

1. whether there was any violation of the EFTA as alleged in the complaint;
2. whether this action can be properly maintained as a class action under Rule 23;
3. whether common issues predominate over individual ones;
4. whether Plaintiff is an adequate class representative;
5. whether maintaining this case as a class action is superior to other methods of adjudication.

Defendant's position is that Discovery is only needed as to the owner of the ATM and the company that performs the processing of the ATM transactions.

**D.** **Plaintiff's position is that discovery should not be conducted in phases. Defenant's position is that discovery should be conducted in phases.**

**E.** **The parties do not unanimously consent to this matter being referred to a Magistrate Judge for discovery.**

**F.** **The parties do not unanimously consent to this matter being referred to a Magistrate Judge for final disposition.**

**G.** **The parties have not discussed the possibility of alternative dispute resolution .**

**H.** **The parties have not discussed the possibility of a prompt settlement or other resolution of this matter. Defendant maintains that he is an improper party to the action, which has made settlement discussions currently untenable.**

**I.** **The Court should consider the following methods of expediting the resolution of this matter:**

Allowing the parties time to explore settlement after initial disclosures under Rule 26(a) have been made; otherwise, after sufficient discovery has taken place, the Plaintiff briefing the issue of class certification and the Defendant anticipates filing a motion for summary judgment as soon as the court will allow.
.

<u>s/ Catherine Ceko</u>
Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Catherine A. Ceko
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200

<u>s/ Brian Holman</u>
Brian Holman
Holman & Stefanowicz
233 South Wacker Dr.
Suite 5620
Chicago, IL  60606
(312) 258-9700