THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICHOLAS M. MARTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  10 CV 5242 |
| ) | |
| MICHAEL RAMIREZ and ) | |
| BILL BEAHAN, d/b/a ULTIMATE ) | Honorable Judge Coar |
| ATM SERVICES, a/k/a ULTIMATE ) | |
| FINANCIAL SERVICES, and ) | |
| DOES  1-5, ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF FILING

PLEASE BE ADVISED that on **December 14, 2010**, the Defendant, Michael Ramirez filed with the Clerk of the District Court for the United States District Court for the Northern District of Illinois, 219 South Dearborn, Chicago, Illinois, the **Defendant, Michael Ramirez's, Answer to Plaintiff's Complaint.**

s/ Brian R. Holman

HOLMAN & STEFANOWICZ, LLC
By:  Tara Beth Davis

**HOLMAN & STEFANOWICZ, LLC**
Attorneys for the Defendant, Michael Ramirez
233 South Wacker Drive, Suite 5620
Chicago, Illinois 60606
(312) 258-9700

## CERTIFICATE OF SERVICE

Brian R. Holman, the undersigned attorney hereby certifies that this Notice and the aforementioned documents were served upon counsel of record via the Northern District Court's E-Filing System on December 14, 2010.

s/     Brian R. Holman

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICHOLAS M. MARTIN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 10 CV 5242 ) |
| MICHAEL RAMIREZ and BILL BEAHAN, d/b/a ULTIMATE ATM SERVICES, a/k/a ULTIMATE FINANCIAL SERVICES, and DOES 1-5, | ) ) Honorable Judge Coar ) ) ) ) |
| Defendants. | ) |

## DEFENDANT, MICHAEL RAMIREZ'S, ANSWER TO COMPLAINT

The Defendant, MICHAEL RAMIREZ, d/b/a ULTIMATE ATM SERVICES, a/k/a ULTIMATE FINANCIAL SERVICES, by and through his attorneys, HOLMAN & STEFANOWICZ, LLC, answers the Plaintiff's Complaint as follows:

1. Plaintiff, Nicholas M. Martin brings this action to secure redress for defendants' violation of the Electronic Funds Transfer Act, 15 U.S.C. § 1693 et seq. ("EFTA"), and implementing Federal Reserve Board Regulation E, 12 C.F.R. part 205.

ANSWER: Defendant Michael Ramirez admits that the Plaintiff brought his action for an alleged violation of the EFTA, but denies that the he violated the EFTA and that the Plaintiff is entitled to any relief against him.

1

2. This Court has jurisdiction under 28 U.S.C. §§1331 and 1337 and 15 U.S.C. §1693m (EFTA).

ANSWER: Admit.

3. Venue in this District is proper in that defendant does business in this District and the events complained of occurred in this District.

ANSWER: Admit.

4. Plaintiff Nicholas M. Martin is an individual who resides in the Northern District of Illinois.

ANSWER: Defendant Michael Ramirez is without sufficient information to neither admit nor deny and demands strict proof thereof.

5. Defendant Michael Ramirez may be found at 268 Southwicke Drive, Streamwood, Illinois 60107.

ANSWER: Denied

6. Defendant Bill Beahan may be found at 1307 Church Street, Lombard, Illinois 60148.

ANSWER: Defendant Michael Ramirez is without sufficient information to neither admit nor deny and demands strict proof thereof.

7. Defendants do business as Ultimate ATM Service, also known as Ultimate Financial Services, at 7205 Orchard Lane, Hanover Park, Illinois, 60133.

ANSWER: Denied.

8. Defendants were formerly managers of Ultimate ATM Service, LLC, but that entity was dissolved prior to the events at issue. Defendants continued to conduct the same business individually subsequent to the dissolution.

ANSWER: Denied.

9. Defendants jointly operate an automated teller machine ("ATM") at 3406 North Sheffield Avenue, Chicago, Illinois 60657.

ANSWER: Denied.

10. Defendants Does 1-5 are any other entities or persons responsible for the operation of the ATM at the above location.

ANSWER: The allegations are not directed towards Defendant Michael Ramirez, thus he neither admits nor denies said allegations.

11. Within one year prior to the filing of this action, Plaintiff conducted an electronic funds transfer at the ATM at 3406 North Sheffield Avenue, Chicago, Illinois, 60657.

ANSWER: Defendant Michael Ramirez is without sufficient information to neither admit nor deny and demands strict proof thereof.

3

12. Any transaction carried out through an ATM is governed by EFTA. The EFTA, 15 U.S.C. §1693a, provides:

> . . . (6) the term "electronic fund transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, or computer or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions . . . .

ANSWER: Calls for a legal conclusion. Further answering, Defendant Michael Ramirez is without sufficient information to neither admit nor deny and demands strict proof thereof.

13. Plaintiff was charged a fee by the ATM. A copy of the receipt issued to plaintiff is attached as Exhibit A.

ANSWER: Defendant Michael Ramirez is without sufficient information to neither admit nor deny and demands strict proof thereof.

14. No notice stating that a fee would or may be charged was posted at or near the ATM. A photograph of the ATM is attached as Exhibit B.

ANSWER: Defendant Michael Ramirez is without sufficient information to neither admit nor deny and demands strict proof thereof.

15. Subsequent to Plaintiff's transaction at the ATM, a notice disclosing the fee was posted. Exhibit C.

ANSWER: Admit.

4

16. Michael Ramirez and Bill Beahan, d/b/a Ultimate ATM Services, a/k/a Ultimate Financial Services failed to notify the public, as required by law, that they will be required to pay a fee each time they use the ATM.

ANSWER: Denied.

17. The EFTA, 15 U.S.C. § 1693b, provides:

Regulations

(a) Prescription by Board. The Board shall prescribe regulations to carry out the purposes of this title [15 USCS §§ 1693 et seq.] . . . .

(d) Applicability to service providers other than certain financial institutions.

    (1) In general. If electronic fund transfer services are made available to consumers by a person other than a financial institution holding a consumer's account, the Board shall by regulation assure that ht disclosures, protections, responsibilities, and remedies created by this title [15 USCS §§ 1693 et seq.] are made applicable to such persons and services. . . .

    (3) Fee disclosures at automated teller machines.

        (A) In general. The regulations prescribed under paragraph (1) shall require any automated teller machine operator who imposes a fee on any consumer for providing host transfer services to such consumer to provide notice in accordance with subparagraph (B) to the consumer (at the time the service is provided) of -

            (i) the fact that a fee is imposed by such operator for providing the service; and

            (ii) the amount of any such fee.

        (B) Notice requirements.

            (i) On the machine. The notice required under clause (i) of subparagraph (A) with respect to any fee described in such subparagraph shall be posed in a prominent and conspicuous location on or at the automated tell machine at which the electronic fund transfer is initiated by the consumer.

5

  (ii) On the Screen. The notice required under clauses (i) and (ii) of subparagraph (A) with respect to any fee described in such subparagraph shall appear on the screen of the automated teller machine, or on a paper notice issued from such machine, after the transaction is initiated and before the consumer is irrevocably committed to completing the transaction, except that during the period beginning on the date of the enactment of the Gramm-Leach-Bliley Act [enacted Nov. 12, 1999] and ending on December 31, 2004, this clause shall not apply to any automated teller machine that lacks the technical capability to disclose the notice on the screen or to issue a paper notice after the transaction is initiated and before the consumer is irrevocably committed to completing the transaction.

(C) Prohibition on fees not properly disclosed and explicitly assumed by consumer. No fee may be imposed by any automated teller machine operator in connection with any electronic fund transfer initiated by a consumer for which a notice is required under subparagraph (A), unless -

  (i) the consumer receives such notice in accordance with subparagraph (B); and

  (ii) the consumer elects to continue in the manner necessary to effect the transaction after receiving such notice.

(D) Definitions. For purposes of this paragraph, the following definitions shall apply:

  (i) Automated teller machine operator. The term "automated teller machine operator" means any person who -

    I. operates an automated teller machine at which consumers initiate electronic fund transfers; and

    II. is not the financial institution that holds the account of such consumer from which the transfer is made.

  (ii) Electronic fund transfer. The term "electronic fund transfer" includes a transaction that involves a balance inquiry initiated by a consumer in the same manner as an electronic fund transfer, whether or not the consumer initiates a transfer of funds in the course of the transaction.

  (iii) Host transfer services. The term "host transfer services" means any electronic fund transfer made by an automated

6

teller machine operator in connection with a transaction initiated by a consumer at an automated teller machine operated by such operator.

ANSWER: Calls for a legal conclusion. Further answering, Defendant Michael Ramirez is without sufficient information to neither admit nor deny and demands strict proof thereof.

18. Regulation E, 12 C.F.R. § 205.16 provides:

Disclosures at automated teller machines.

(a) Definition. Automated teller machine operator means any person that operates an automated teller machine at which a consumer initiates an electronic fund transfer or a balance inquiry and that does not hold the account to or from which the transfer is made, or about which an inquiry is made.

(b) General. An automated teller machine operator that imposes a fee on a consumer for initiating an electronic fund transfer or a balance inquiry shall:

(1) Provide notice that a fee will be imposed for providing electronic fund transfer services or a balance inquiry; and

(2) Disclose the amount of the fee.

(c) Notice requirement. To meet the requirements of paragraph (b) of this section, an automated tell machine operator must comply with the following:

(1) On the machine. Post in a prominent and conspicuous location on or at the automated teller machine a notice that:

(i) A fee will be imposed for providing electronic fund transfer services or for a balance inquiry; or

(ii) A fee may be imposed for providing electronic fund transfer services or for a balance inquiry, but the notice in this paragraph (c)(1)(ii) may be substituted for the notice in paragraph (c)(1)(i) only if there are circumstances under which a fee will not be imposed for such services; and

(2) Screen or paper notice. Provide the notice required by paragraphs (b)(1) and (b)(2) of this section either by showing it on the screen of the automated teller machine or by providing it on paper, before the consumer is committed to paying a fee. . . .

7

> (e) Imposition of fee. An automated teller machine operator may impose a fee on a consumer for initiating an electronic fund transfer or a balance inquiry only if
>
>> (1) the consumer is provided the notices required under paragraph (c) of this section; and
>>
>> (2) The consumer elects to continue the transaction or inquiry after receiving such notices.

ANSWER: Calls for a legal conclusion. Further answering, Defendant Michael Ramirez is without sufficient information to neither admit nor deny and demands strict proof thereof.

19. Michael Ramirez and Bill Beahan, d/b/a Ultimate ATM Servcies, a/k/a Ultimate Financial Services did not post a notice on or at its ATM that complied with 12 C.F.R. § 205.16(c)(1).

ANSWER: Denied.

20. The imposition of the charge is unlawful.

ANSWER: Calls for a legal conclusion. Defendant Michael Ramirez is without sufficient information to neither admit nor deny and demands strict proof thereof.

21. The EFTA, 15 U.S.C. § 1693m, provides:

Civil Liability

> (a) Individual or class action for damages; amount of award. Except as otherwise provided by this section and section 910 [15 USCS § 1693h], any person who fails to comply with any provision of this title [15 USCS §§ 1693 et seq.] with respect to any consumer, except for an error resolved in accordance with section 908 [15 USCS § 1693f] is liable to such consumer in an amount equal to the sum of --
>
>> (1) any actual damage sustained by such consumer as a result of such failure;

8

    (2)(A) in the case of an individual action, an amount not less than $100 nor greater than $1,000; or

      (B) in the case of a class action, such amount as the court may allow, except that (i) as to each member of the class no minimum recovery shall be applicable, and (ii) the total recovery under this subparagraph in any class action or series of class actions arising out of the same failure to comply by the same person shall not be more than the lesser of $500,000 or 1 per centum of the net worth of the defendant; and

    (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

  (b) Factors determining amount of award. In determining the amount of liability in any action under subsection (a), the court shall consider, among other relevant factors-

    (1) in any individual action under subsection (a)(2)(A), the frequency and persistence of noncompliance, the nature of such noncompliance, and the extent to which the noncompliance was intentional; or

    (2) in any class action under subsection (a)(2)(B), the frequency and persistence of noncompliance, the nature of such noncompliance, the resources of the defendant, the number of persons adversely affected, and the extent to which the noncompliance was intentional;

  (g) Jurisdiction of courts; time for maintenance of action. Without regard to the amount in controversy, any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation.

  WHEREFORE, plaintiff requests that the Court enter judgment in plaintiff's favor for:

    a. Appropriate compensatory and statutory damages;
    b. Attorney's fees, litigation expenses and costs of suit;
    c. Such other or further relief as appropriate.

ANSWER: Calls for a legal conclusion. Further answering, Defendant Michael Ramirez is without sufficient information to neither admit nor deny and demands strict proof thereof.

9

WHEREFORE, the Defendant, Michael Ramirez, denies that he violated EFTA, denies that the provisions of the EFTA cited herein by the Plaintiff apply to him, and denies that the Plaintiff is entitled to any of the relief requested against him, and requests that the Court enter judgment in favor of the Defendant, Michael Ramirez, and for any other relief that the Court deems just and proper.

                    Respectfully submitted,

                    s/      Brian R. Holman

                    HOLMAN & STEFANOWICZ, LLC
                    By:     Brian R. Holman

Brian R. Holman
Tara Beth Davis
HOLMAN & STEFANOWICZ, LLC
Attorneys for the Defendant
233 South Wacker Drive, Ste. 5620
Chicago, Illinois 60606
(312) 258-9700